UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02252-MCS-JPR | Date | November 22, 2023 |
| Title | *Street Spirit IP LLC v. eHarmony, Inc.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING MOTION FOR ATTORNEY'S FEES (ECF NO. 39)**

I.   INTRODUCTION

Defendant eHarmony, Inc. moves for attorney's fees under 35 U.S.C. § 285 and Fed. R. Civ. P. 54. (Mot., ECF No. 39-1.) arguing that is the prevailing party and fees are warranted due to Plaintiff Street Spirit IP LLC's conduct. Plaintiff filed a timely response. (Opp'n, ECF No. 40.) Defendant filed a timely reply. (Reply, ECF No. 43.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

For the following reasons, the motion is **DENIED**.

## II. BACKGROUND

In this patent infringement suit, Plaintiff alleged that Defendant's "systems, products, and services" infringed Plaintiff's patented "[m]ethods and systems for identity verification in a social network using ratings." (*See generally* Compl. ¶¶ 7–13, ECF No. 1; *id.* Ex. B, ECF No. 1-2; *see also* U.S. Patent No. 8,850,535, ECF No. 1-1 (the "'535 Patent").) Defendant moved to dismiss, asserting patent ineligibility under 35 U.S.C. § 101. (MTD, ECF No. 22.) The Court granted the motion. (MTD Order, ECF No. 36.)

In its Order, considering the claimed subject matter, the Court ruled that "[t]he '535 Patent's claim limitations and ordered combination only describe the specific steps for carrying out an abstract idea, which fails to reveal any inventive concept that would otherwise qualify as patent-eligible subject matter." (*Id.* at 11 (citing, inter alia, *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1258, 1262 (Fed. Cir. 2016)).) After the Court dismissed the action, Defendant filed this motion for attorney's fees.

## III. LEGAL STANDARD

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Although the Patent Act does not define "exceptional," the Supreme Court has construed it to have its ordinary meaning, i.e., "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). Thus, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. Section

285 discourages certain "exceptional" conduct by imposing the cost of bad decisions on the decision maker.

District courts determine whether a case is exceptional by "considering the totality of the circumstances." *Id.* Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. *Id.* at 555. "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* Other relevant factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). A party must prove its entitlement to fees by a preponderance of the evidence. *Id.* at 557–58.

In the companion case to *Octane Fitness*, the Supreme Court held that "[b]ecause § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014). The abuse-of-discretion standard applies to "all aspects of a district court's § 285 determination." *Id.* at 564. "[T]he exercise of [that] discretion in favor of [granting] such an allowance," however, "should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular lawsuit should be left to bear the burden of his own counsel fees which prevailing litigants normally bear." *J.P. Stevens Co. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1051–52 (Fed. Cir. 1987) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant argues that this case is exceptional for three primary reasons. *First*, Defendant contends that Plaintiff's infringement position was "completely baseless and illogical," (Mot. 17), because Plaintiff alleged that Defendant monitored keystrokes through a button-only interface and Plaintiff failed to conduct an adequate pre-suit investigation, (*id.* at 18–20).

*Second*, Defendant argues that "Plaintiff's eligibility arguments were extraordinarily weak," (Mot. 21), because the claims of the '535 Patent "were directed to the clearly abstract idea of 'processing and verifying user data and thereafter providing access to other users' information,'" (*Id.* (quoting MTD Order 8,)), and therefore not eligible for patent protection.

*Third*, Defendant argues that Plaintiff's choice of counsel and the way the case was litigated make it exceptional because Plaintiff's counsel has a practice of not conducting adequate pre-suit investigation. (Mot. 23–26.)

Defendant further argues that Plaintiff's counsel should be held jointly and severally liable for attorney's fees because counsel maintained this suit despite its lack of merit and the appearance that the suit was filed in retaliation to Plaintiff moving for attorney's fees in a separate case. (Mot. 27–28.)

Plaintiff responds that its "litigation position was reasonable." (Opp'n 10 (emphasis removed).) Plaintiff notes that the '535 Patent "had not been invalidated in any litigation," (Opp'n 11), and that it "conducted a sufficient pre-filing investigation," (Opp'n 12; *see* Sunatori Decl., ECF No. 40-1). Plaintiff further notes that the manner of litigation was also reasonable, as Plaintiff did not engage in egregious behavior. (Opp'n 13–14.)

Finally, Plaintiff argues that Plaintiff counsel's conduct in other cases are not relevant to determine whether this case is exceptional and that Plaintiff's counsel is

not liable because counsel did not act recklessly or in bad faith in maintaining this action. (Opp'n 14–17.)

The Court agrees with the parties that Defendant is the prevailing party with respect to succeeding on their Section 101 motion. The Court disagrees with Defendant, however, that this is an exceptional case.

Although the Court invalidated Plaintiff's patents after applying the two-step *Alice* framework, nothing in the record suggests that Plaintiff lacked good faith in asserting that its patent remained valid. The Court disagreed with Plaintiff about whether the claims supported Plaintiff's interpretation of the specification, but this does not transform Plaintiff's good-faith assertion into a purely frivolous patent-eligibility position.

As an initial matter, "[a] patent holder has the right to vigorously enforce its presumptively valid patent." *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14 Civ. 5213 (NRB), 2019 WL 4601741, at *4 (S.D.N.Y. Sept. 19, 2019) (alteration in original) (internal quotation marks omitted). Moreover, courts recognize that, "[g]iven the evolving state of the law, the § 101 analysis should be, and is, a difficult exercise." *Network Congestion Sols., LLC v. U.S. Cellular Corp.*, 170 F. Supp. 3d 695, 703 (D. Del. 2016). Indeed, the Federal Circuit continues to debate the § 101 framework, and the Supreme Court is considering whether to step in again. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347, 1365 (Fed. Cir. 2020) (Stoll, J., dissenting from denial of rehearing en banc) ("In the face of our unwillingness to consider patent eligibility as a full court, I grow more concerned with each passing decision that we are, piece by piece, allowing the judicial exception to patent eligibility to 'swallow all of patent law.'" (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014)); *see also Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 141 S. Ct. 2594 (May 3, 2021) (Supreme Court

inviting the Acting Solicitor General to express views on whether the Court should weigh in after an evenly divided Federal Circuit was "at a loss as to how to uniformly apply § 101").

Accordingly, the Court concludes that when a patent holder makes good faith arguments concerning patent eligibility, even where those arguments turn out to be wrong, those arguments, "[c]oupled with the vagaries of the *Alice* test itself," do not render the patent eligibility position frivolous such that it supports an exceptional case finding absent evidence of bad faith. *RDPA, LLC v. Geopath, Inc.*, No. 20-cv-3573 (LJL), 2021 WL 4264060, at *2 (S.D.N.Y. Sept. 20, 2021) (declining to find case exceptional after granting motion to dismiss on patent ineligibility).

Defendant here has not met its burden to show that this case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.

Nothing in the pre-filing communication record or the Complaint leads the Court to conclude that Plaintiff alleged infringement in bad faith. Defendant contends that Plaintiff's infringement position was nonsensical and exceptionally unreasonable because the claims of the '535 Patent used the word "including" before "keystroke," meaning that any alleged infringements must include the use of keystroke monitoring, which was absent from Plaintiff's website. (Reply 4; Mot. 18.) Plaintiff was aware of this, Defendant notes, because Defendant informed Plaintiff in a May 10, 2023, letter. (Mot. 22; Grady Decl. Ex. A, ECF No. 39-3.) But there is support in the specifications of the '535 Patent that the methods identified in the claims are lists of examples, not exclusive methods. (*See, e.g.*, '535 Patent 6:34–41 ("In performing individual access management tasks, the authentication server typically uses authentication techniques to identify the individual

including: . . . keystroke pattern identification, . . . *and the like*."), 12:50–13:13 ("The following *are a list* of optional factors which may be used in adjusting a member's identity rating after the login process has begun. . . . Preferably but not necessarily . . . keystroke dynamics."), 13:8–11 ("The list below is meant to be exemplary and not intended to include every possible behavior characteristic. Keystroke Dynamics/Patterns . . . .") (emphases added).) As such, Plaintiff's argument was not frivolous and would have been an issue for the claim construction stage.

The Federal Circuit has made clear that "a patentee need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (patentee sufficiently pleaded infringement claim by specifically identifying three accused products, attaching photos of the accused products to the complaint, and alleging generally that the accused products met "each and every element of at least one claim of the . . . [p]atent either literally or equivalently").

Plaintiff alleged that Defendant's systems, products, and services infringed the patented method by "providing customer relationship management for a network," "creating member account profiles for members using identification components for identifying members," "generating an identity rating for each member using initial rating factors including: a number of identification components and a qualification of identification components," "determining member identity rating thresholds for identity rating-restricted content access," "authenticating a member attempting to access the network," "managing the member's identity rating in real-time," and "providing content access to a member based on the managed identity ratings." (Compl. ¶¶ 9–10; *id.* Ex. B.) Plaintiff attached images of the

accused products allegedly infringing the patent. (*Id.*) Defendant's averments to Plaintiff that it was *not* infringing do not demonstrate implausibility. *See, e.g.*, *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013) ("A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible.").

Finally, Defendant notes that other courts have awarded Section 285 attorney's fees to defendants sued by Plaintiff's counsel at least six times in the past four years because of a lack of adequate pre-filing diligence. (Mot. 23.) Reference to these facts, which are not before the Court, is irrelevant and insufficient to transform Plaintiff's conduct in this case into an exceptional one. Defendant does not cite any authority that the Court should look at other cases filed by a law firm in determining whether a case is exceptional, and the Court is aware of none. The analysis might be different if Plaintiff's counsel filed identical boilerplate complaints with no pre-filing investigation and other courts found those cases exceptional. But that is not what happened here. Plaintiff had an engineer review Defendant's product for infringement and draft a claim chart. (Sunatori Decl. ¶¶ 2, 7–8.) The claim chart was then incorporated into the Complaint, which was signed by Plaintiff's counsel subject to Rule 11. (*See generally* Compl.) These references to outside cases are insufficient to make this case exceptional.

This case is dissimilar to other cases that courts have held exceptional. For example, in *Shipping & Transit, LLC v. Hall Enterprises*, No. CV 16-06535-AG-AFM, 2017 U.S. Dist. LEXIS 109122 (C.D. Cal. July 5, 2017), the plaintiff was a non-practicing entity that filed numerous suits, repeatedly escaping patent ineligibility rulings by extracting quick nuisance settlements and dismissals. None of that is true here.

Having examined the totality of the circumstances, the Court exercises its discretion to conclude that nothing about this case, singularly or cumulatively, brings it outside of the mine-run of patent litigation cases. Therefore, the case is not exceptional, and Defendant's motion for attorney's fees is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion.